UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY STARKS, | ) | Case No. 1:04 CV 2296 |
| | ) | |
| Plaintiff, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Magistrate Judge James S. Gallas |
| Defendant. | ) | |

Petitioner Jerry Starks is a Federal prisoner who has been in the custody of the United

States since January 7, 2000, following a negotiated guilty plea to conspiracy to distribute

narcotics (21 U.S.C. §846).  On April 28, 2000, United States District Court Judge James S.

Gwin sentenced Starks to 151 months imprisonment for conspiracy to distribute, followed by

five years of supervised release, and ordered Starks to pay a special assessment of $100.[1]  On

November 2, 2004, Starks filed his *pro se* motion to vacate sentence under 28 U.S.C. §2255.[2]

Subsequently, on November 24, 2004, Starks filed a motion to supplement his brief in support of

his motion, and he simultaneously filed a motion requesting the appointment of counsel.  Finally,

on August 4, 2005, Starks filed a motion for summary judgment.

---

[1]  Starks also entered a negotiated guilty plea to conspiracy to make false prescritpions (21 U.S.C. §846) and money laundering (18 U.S.C. §1956(a)(1)(B)(1) and 2).  United States District Court Judge Ann Aldrich sentenced him to an 121 month sentence to run concurrently with his sentence for conspiracy to distribute.

[2]  Starks challenges his sentence on the grounds that he was denied effective assistance of counsel at sentencing and on appeal. (Pet. Mot. 4).

1:04 CV 2296                                    2

The United States of America has moved to dismiss for untimeliness because Starks'

motion fails to comply with the requirement that prisoners file any § 2255 motion within one-

year of the finalization of conviction; moreover, the government notes that even if the court

could construe Starks' motion under 28 U.S.C. §2241, his claims would not be properly before

this court because he is imprisoned in Virginia, and consequently beyond this Court's territorial

jurisdiction.


*Timeliness*:

28 U.S.C. §2255 requires motions to vacate, set aside, or correct sentences to be filed

within one year of final judgment.[3]  The statute "appears clearly to require that, for statute of

limitations purposes, an unappealed district court judgment of conviction becomes 'final' ten

days after the entry of judgment, at least where the defendant has not actually sought an

extension of appeal time for good cause or excusable neglect."  *Sanchez-Castellano v. United

States*, 358 F.3d 424, 426 (6th Cir. 2004).

---

[3]  28 U.S.C. §2255 reads as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of the conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

1:04 CV 2296                                              3

In the present case, the Starks was sentenced on April 28, 2000 and did not appeal. Starks

did not file this § 2255 motion until November 2, 2004, more than three-and-a-half years after

the statute ran.  In order to have filed a timely motion, the petitioner needed to file a § 2255

motion by May of 2001; he did not do so, and this motion is clearly untimely.


*Applicability of Section 2241:*

The Respondent's motion to dismiss notes that even if Starks' motion were construed

under 28 U.S.C. §2241, this Court would lack jurisdiction because Starks is incarcertated in FCI

Petersburg in Virginia.  Unlike § 2255, habeas corpus under § 2241 is not subject to a specified

period of limitation.  This argument invites transfer under 28 U.S.C. §1631, to the district where

jurisdiction lies, not dismissal.  However, a conversion from § 2255 to § 2241 would not

preserve Starks' claims.  Under § 2255's savings clause a court may entertain a writ of habeas

corpus from a federal prisoner, only if it "appears that the remedy by motion is inadequate or

ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5.  The "remedy is not

considered inadequate or ineffective simply because § 2255 relief has already been denied, or

because the petitioner is procedurally barred from pursuing relief under § 2255." *Charles v.*

*Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *See also Frost v. Snyder*, 13 Fed.Appx. 243, 248

(6th Cir. 2001).  Specifically addressing the one-year time limitation of § 2255, the court in

*United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000), held that the inability of a prisoner to

"utilize § 2255 because his one-year grace period has run, does not automatically render § 2255

inadequate or ineffective. . . . and if that time period has expired, it is the result of his own doing

and not due to any inadequacy in the statute." *Id.* at 1077-1078; *accord Abdullah v. Hedrick*,

1:04 CV 2296                                                4

392 F.3d 957, 959 (8th Cir. 2004) *cert. denied*, 125 S.Ct 2984 (2005); *Chaverra v. United States*,

230 F.3d 357 (Table), 2000 WL 1434505 (6th Cir. 2000); *Anderson v. Fed. Bureau of Prisons*,

238 F.3d 419 (Table), 2000 WL 1871678 (6th Cir. 2000); *Kennedy v. Thoms*, 47 Fed.Appx 398,

399 (6th Cir. 2002).  Section 2255 offered Starks an adequate and effective remedy.

Accordingly, there would be no point to deeming Starks' motion to vacate sentence as a writ of

habeas corpus filed pursuant to § 2241.


*Equitable Tolling:*

In response to the Respondent's motion to dismiss for untimeliness, Starks raises the

prospect of equitable tolling, arguing ineffective counsel, his own lack of legal knowlege, and

his inability to access evidence. The one-year limitation for bringing motions under § 2255 "is a

statute of limitation subject to the doctrine of equitable tolling," *Dunlap v. United States*, 250

F.3d 1001, 1007 (6th Cir. 2001).  Such tolling is only appropriate, though, when "a litigant's

failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that

litigant's control."  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), quoting *Graham-*

*Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

In *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), the court outlines five factors for courts

to consider in determining whether to apply equitable tolling:

> The factors are: (1) lack of actual notice of filing requirement; (2) lack of
> constructive knowledge of filing requirement; (3) diligence in pursuing one's
> rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's
> reasonableness in remaining ignorant of the notice requirement.

1:04 CV 2296                                              5

*Id.* at 151.  Moreover, "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling."  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

*Lack of actual notice or constructive knowledge of the filing requirement*:

While Starks contends he lacked actual notice of the filing requirement due to ineffective counsel and lacked constructive knowledge of the requirement due to his own lack of legal knowledge, the Sixth Circuit has "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen*, 366 F.3d at 403, quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).  Even if ignorance of the law was sufficient to establish a lack of actual notice or constructive knowledge, Starks could not establish ignorance. Indeed, Starks claims to have sent a letter to his attorney seeking to appeal his sentence, and he also claims to have sent a letter to Judge Aldrich requesting information regarding an appeal (Pet. Mot. ¶ 6).[4] Such actions, immediately after sentencing, indicate that Starks was aware of the filing requirement in the companion case heard by Judge Aldrich, and this awareness undercuts his claim that he lacked actual notice or constructive knowledge of the filing deadline.

*Diligence in pursuing one's rights and reasonableness in remaining ignorant:*

Starks portrays his efforts to challenge his sentence as diligent, and he attempts to assign any faults to his lack of legal knowledge and lack of counsel.  Such factors, however, are

---

[4]  Starks also requests that this Court view his letter as a prior *pro se* motion; however, this argument, taken to its logical end, would make the present §2255 motion a successive motion, and would, therefore, require denial under the "gatekeeper provision" of 28 U.S.C. § 2244(b).

1:04 CV 2296                                                    6

insufficient to support tolling of the statute.  Indeed, petitioners do not have a constitutional right

to counsel in federal habeas corpus proceedings, *McCleskey v. Zant*, 499 U.S. 467, 495 (1991),

and neither insufficient legal knowledge, poor education, nor illiteracy is a sufficient reason to

engage in equitable tolling.  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Starks offers

no reason to differentiate the mitigating factors he urges from the mitigating factors explicitly

rejected by the Sixth Circuit and by the United States Supreme Court.  Starks claims he raised

objections at sentencing, sent letters to his attorney and the court, and eventually hired Maryland

Paralegal to aid him, (Pet'r Resp. 3).  Nevertheless, he fails to produce any copy of the letters he

claims to have sent, relying merely on a certified mail receipt, and he inexplicably waited three-

and-a-half  years to follow-up on his initial desire to dispute his sentence.  Clearly, Starks was

not diligent in disputing his sentence, and he fails to demonstrate "that he is entitled to equitable

tolling."  *Allen*, 366 F.3d at 401 (6th Cir. 2004).


*Actual Innocence:*

    While "a credible claim of actual innocence" will also support equitable tolling, *Souter v.

Jones*, 395 F.3d 577 (6th Cir. 2005), actual innocence requires "factual innocence not mere legal

insufficiency."  *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998).  Starks negotiated a guilty plea,

thereby precluding any claim of actual innocence in support of his argument for equitable

tolling.


*Lack of prejudice to the respondent:*

1:04 CV 2296                                              7

"Absence of prejudice is a factor to be considered only after a factor that might justify

tolling is identified."  *Allen*, 366 F.3d at 404, quoting *Vroman v. Brigano*, 346 F.3d at 605 (6th

Cir. 2003).  Because Starks has not established any factor that might justify tolling, lack of

prejudice is not a consideration.

*The constitutionality of sentencing guidelines and double jeopardy:*

While Starks urges this Court to consider the constitutionality of his sentences in light of

*U.S. v. Booker*, 543 U.S. 220 (2004), and also contends that he was subjected to double jeopardy,

his motion is untimely, and consideration of the merits of these claims is unnecessary.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Respondent's motion to dismiss should be granted, and

this petition filed under 28 U.S.C. §2255 should be dismissed due to untimeliness pursuant to 28

U.S.C. §2255 ¶6.  Consequently, the Petitioner's motion for summary judgment, should be

denied.

_____s/James S. Gallas_____
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the

specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United*

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

1:04 CV 2296                                    8

Dated: June 2, 2006