UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
--------------------------------------------------------
:
JERRY STARKS,                       :   CASE NO. 4:04-CV-2296
                                    :
            Petitioner,             :
                                    :
vs.                                 :   OPINION & ORDER
                                    :   [Resolving Doc. No. 13]
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
                                    :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court considers whether to adopt the Report and Recommendation of Magistrate Judge James S. Gallas that advises the Court to deny Petitioner Jerry Starks's ("Starks") habeas corpus application filed under Section 2255 of Title 28 of the United States Code. The Magistrate Judge found the petition untimely because Starks filed it beyond the one-year statute of limitations allowed by Section 2255 and does not otherwise meet the requirements of equitable tolling. [Doc. 12.]

Starks objected to Magistrate Judge Gallas's Report and Recommendation, alleging that he filed a timely notice of appeal of his sentence. [Doc. 13.] Respondent did not object.

Pursuant to Section 636(b)(1) of Title 28 of the United States Code, the Court has reviewed those portions of the Report and Recommendation objected to by Petitioner. Upon *de novo* review of the record, and for the reasons discussed in the Report and Recommendation, the Court **ADOPTS** the findings of the Magistrate Judge and **DENIES** Starks's application for writ of habeas corpus.

Case No. 4:04-CV-2296
Gwin, J.

## I. Background

On November 17, 1999, a federal grand jury in the Northern District of Ohio returned a seventy-two count superseding indictment against twenty-four defendants, including Petitioner Starks. *See* Case No. 1:99-CR-332, Doc. 147. In Count 1 of the superseding indictment, the Government charged Starks with conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine in violation of Section 846 of Title 21 of the United States Code. [Doc. 8.] In Counts 15 and 20, the Government charged Starks with using a telephone to facilitate the conspiracy in violation of Section 843(b) of Title 21 of the United States Code. *Id.* In Count 70, the Government charged Starks with money laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code. *Id.*

On January 7, 2000, pursuant to a written plea agreement with the Government, Stark pleaded guilty to the conspiracy as charged in Count 1 of the superseding indictment. *See* Case No. 1:99-CR-332, Docs. 358, 359. In exchange for his plea of guilty, the Government moved to dismiss Counts 15, 20, and 70 of the superseding indictment. [Doc. 8.] The Court granted the Government's motion and, on April 27, 2000, sentenced Starks to 151 months imprisonment and five years of supervised release. *See* Case No. 1:99-CR-332, Doc. 482. Consistent with the terms of his plea agreement, Starks did not file a direct appeal of his sentence. [Doc. 8.]

At the time of entering his plea and receiving imposition of sentence by this Court, Starks was also subject to conviction in a case before United States District Court Judge Ann Aldrich. [Doc. 12.] Judge Aldrich sentenced Starks to a 121-month sentence to run concurrently with his sentence here. *Id.*

On November 19, 2004, more than four years after his conviction became final, Starks filed

Case No. 4:04-CV-2296
Gwin, J.

his instant Section 2255 petition. [Doc. 1.] Starks claimed ineffective assistance of counsel, saying that his lawyer "ineffectively represented him at sentencing by failing to properly investigate and correct materially false statements regarding his criminal history." *Id.* Starks also alleged that he appealed his sentence to Judge Aldrich. *Id.* As proof of his "appeal," Starks offered a postal return receipt addressed to Judge Aldrich dated May 26, 2000. [Doc. 1-4.] Starks did not include a copy of the letter supposedly requesting his "appeal" of Judge Aldrich's 121-month sentence in his November 19, 2004 filing of his Section 2255 petition with this Court. *Id.*

In his objection to Magistrate Judge Gallas's Report and Recommendation, Starks reasserts that he "filed a letter/motion with the Courts for an appeal." [Doc. 13.] Starks says he "shows proof with [sic] certified mail receipt." *Id.* In his objection, Starks does not reallege the details of his earlier claim of ineffective assistance of counsel. *Id.*

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of a Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1). Parties must file any objections with the Clerk of Court within ten days of the report's issuance. *Id.* Parties waive their right to appeal a Magistrate Judge's recommendation if they fail to object within the time allotted. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985).

Section 2255 of Title 28 of the United States Code provides a federal prisoner with four grounds upon which he may challenge his sentence: (i) as a violation of the Constitution or laws of the United States; (ii) as beyond the jurisdiction of the court; (iii) as in excess of the maximum punishment authorized by law; or, (iv) as otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See also Hill v. United States*, 368 U.S. 424, 426-27 (1963).

Case No. 4:04-CV-2296
Gwin, J.

Section 2255 requires a federal prisoner to file a motion to vacate, set aside, or correct his sentence within one year of final judgment. The law requires "that, for statute of limitation purposes, an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). This one-year "statute of limitation [is] subject to the doctrine of equitable tolling." *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Such tolling is appropriate only when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (citation omitted).

In determining whether equitable tolling should apply in habeas cases, the Supreme Court requires that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[1] By use of the word "and," the Supreme Court requires a showing of both of the above factors. As noted in The Sixth Circuit also applies the five-part test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) and approved-of in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), to determine cases of equitable tolling. Under either test, "The petitioner bears the burden of demonstrating he is entitled

---

[1] Prior to and since *DiGuglielmo*, the Sixth Circuit applied a five factor test to determine a petitioner's right to equitable tolling of Section 2255's one-year statute of limitations. *See Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988) (setting forth five factors in an employment discrimination suit); *Dunlap v. United States of America*, 250 F.3d 1001 (6th Cir. 2001) (citing *Orr*). After *DiGuglielmo*, some Sixth Circuit's district courts have adopted the Supreme Court's two-prong test to analyze a petitioner's right to equitable tolling of a federal one-year statute of limitations. *See, e.g.*, *Thomas v. Webb*, 2007 WL 628136, at *2 (W.D. Ky, Feb. 23, 2007). Here, the Court relies both on *DiGuglielmo* and *Dunlap* to analyze the requirements of the Supreme Court and Sixth Circuit.

Case No. 4:04-CV-2296
Gwin, J.

to equitable tolling." *See, e.g.*, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citation omitted).

### III. Analysis

In his objection to Magistrate Judge Gallas's Report and Recommendation, Starks says that the Court should reconsider his ineffective assistance of counsel claim raised in his November 19, 2004, Section 2255 petition despite the fact that he filed his motion more than three years late. [Doc. 13.] After conducting an independent review of Starks's claims, the Court adopts the Magistrate Judge's recommendation and denies Starks's grounds for relief.

Despite Starks's claim that he "appealed" his sentence from this Court to United States District Court Judge Aldrich, the one-year statute of limitations applicable to Section 2255 petitions bars his instant petition. On April 27, 2000, this Court sentenced Starks to 151 months incarceration after receiving his knowing and voluntary guilty plea. Starks did not appeal that sentence. Further, Starks filed his Section 2255 petition with this Court on November 19, 2004, more than four years after the finalization of judgment against him. In order to have filed a timely Section 2255 application, Starks would have to have done so by April 28, 2001. He did not and, as a result, the law stops his instant petition as untimely.

The doctrine of equitable tolling does not save Starks's petition. Starks does not meet the Supreme Court's test to fulfill his burden of demonstrating his entitlement to equitable tolling. *See DiGuglielmo*, 544 U.S. at 418. Namely, Starks does not show diligent pursuit of his Section 2255 rights and that some extraordinary circumstance stood in his way. *Id.* In addition to failing to establish the *DiGuglielmo* factors, Starks also does not pass *Dunlap's* five-part test, as correctly noted by Magistrate Judge Gallas.

Overall, by waiting more than three years to file his instant habeas corpus petition, Starks

Case No. 4:04-CV-2296
Gwin, J.

does not adequately show that he diligently pursued his Section 2255 rights such that equitable tolling should apply. Starks attempts to assign any faults in his Section 2255 application to his lack of legal knowledge and lack of counsel. Starks's insufficient legal knowledge does not create sufficient reason to equitably toll Section 2255's one-year statute of limitations. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Similarly, Starks cannot blame his lack of diligence on any absence of external legal advice because he does not have a right to counsel in federal habeas corpus proceedings. *McClesky v. Zant*, 499 U.S. 467, 495 (1991). Although Starks claims that he raised objections at sentencing, complained to his trial attorney, and sent letters to the court, Starks fails to produce any copy of the letters and the Court's review of the record does not reveal any letters. None were filed. Further, Starks waited over three years after the entry of his final judgment to file his instant Section 2255 petition. Starks's actions do not show diligence in disputing his sentence.

Starks provides neither evidence nor argument that suggests an "extraordinary circumstance" actually prevented his timely filing of his 2255 petition. Again, Starks asserts that his ignorance of the law and insufficient access to legal counsel caused his delay in filing his petition. Starks does not provide specific evidence of efforts made on his part that were thwarted by anything other than his own delay. Starks waited years, without any valid justification, to assert his Section 2255 claims in his November 19, 2004 petition. Therefore, the Court can find no extraordinary circumstances which prevented Starks from filing his federal habeas corpus petition within the one-year statute of limitations. Even accepting Starks's ignorance or lack of counsel theories, "he would not be entitled to relief because he has not established the requisite diligence." *DiGuglielmo*, 544 U.S. at 418. *See also Dunlap*, 250 F.3d at 1010.

Therefore, the Court finds no grounds for tolling the applicable statute of limitations and

Case No. 4:04-CV-2296
Gwin, J.

finds Starks's Section 2255 petition as untimely under the law's requirements.

## IV. Conclusion

For these reasons, the Court **ADOPTS** the findings of the Magistrate Judge and **DENIES** Starks's application for writ of habeas corpus.

Accordingly, this action is terminated pursuant to FED. R. CIV. P. 58. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.


Dated: May 16, 2007           s/ *James S. Gwin*
                       JAMES S. GWIN
                       UNITED STATES DISTRICT JUDGE